# EXHIBIT A

Mark L. Carlson (13167)
CARLSON INJURY LAW, LLC
2019 West 1900 South, Suite 100
Syracuse, Utah 84075
Telephone: (801)845-4577
Facsimile: (801)845-4233
Mark.Carlson@carlsoninjuryfirm.com
*Attorney for Plaintiff*

## IN THE SECOND JUDICIAL DISTRICT COURT

### WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| DALE BAKER, an individual, | **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| WALMART INC., a foreign corporation, and DOES 1-5. | Case No. 220903547 |
| | Judge: Noel S Hyde |
| Defendants. | TIER: 3 |

Plaintiff hereby complains against the above-named Defendant and alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Dale Baker ("Dale") was at all times relevant to this action, a resident of, and domiciled in Riverdale, Utah.

2. Defendant Walmart Inc. ("Defendant") operated its business, store #1708, at 4848 900 W, Riverdale, Weber County, Utah.

3. The incident complained of herein occurred at store #1708, the Walmart

Supercenter located at 4848 900 W, Riverdale, Weber County, Utah.

4. The names and capacities of those bearing legal responsibility for the damages in this Complaint, whether individual, corporate, associate, or otherwise, named herein as DOES 1 through 5, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names, capacities, and liabilities of DOES 1 through 5 when ascertained.

5. Plaintiff is informed and believes each of the named Defendants and DOES 1 through 5, are legally responsible for the occurrences described in this pleading and the damages alleged herein were proximately caused by those Defendants and DOES 1 through 5.

6. The dispute is based in Tort, and the amount demanded on behalf of Plaintiff is more than $300,000.00. Accordingly, pursuant to Rule 26, Utah Rules of Civil Procedure, Plaintiff's claims are hereby pled under Tier Three (3).

7. This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102.

8. Venue is proper in this Court pursuant to Utah Code Ann. § 78B-3-307.

## GENERAL ALLEGATIONS

9. On or about January 25, 2022, Dale was shopping at the Walmart Supercenter located at 4848 900 W, Riverdale, in Weber County, Utah.

10. After completing his shopping, Dale proceeded to exit the Walmart supercenter.

11. As Dale was exiting the store, he tripped on a mat that was not placed and secured properly on the ground.

12.     Dale fell to the ground, causing the damages alleged herein.

## FIRST CLAIM FOR RELIEF
(Negligence)

13.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

14.     Defendant held its property open to the public for the purpose of conducting business.

15.     Defendant owed a duty to use reasonable care to make its premises safe for invitees, including Dale.

16.     Defendant owed a duty to use reasonable care to prevent injury to its customers, including Dale.

17.     Defendant owed a duty to warn its customers, including Dale, of dangerous conditions on the premises.

18.     Defendant owed a duty to inspect and discover dangerous conditions on its premises that involved unreasonable risks of harm to its customers, including Dale.

19.     Defendant owed a duty to inspect the mats located at the store's entrances and exits.

20.     Defendant owed a duty to remove dangerous conditions from its premises.

21.     Defendant knew, or should have known, that the mats presented an unreasonable risk of harm.

22.     Defendant knew, or should have known, Dale would not discover that the mats were not placed and secured properly to the ground.

23.     Defendant knew, or should have known, Dale would be distracted, such that he

would not discover the danger or would fail to protect himself against it.

24. Defendant breached the aforementioned duties.

25. As a direct and proximate cause of the allegations contained herein, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent disfigurement, past and future medical expenses, mental anguish and suffering, (including loss of dignity, depression, feelings of hopelessness, despair, isolation, etc.), past and future household services, etc.

## **SECOND CLAIM FOR RELIEF**
(Gross Negligence)

26. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

27. Defendant failed to observe even slight care.

28. Defendant's acts and omissions were knowing, intentional, careless, and reckless to a degree that showed utter indifference to the consequences of such acts and omissions.

29. As a direct and proximate cause of the allegations contained herein, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent disfigurement, past and future medical expenses, mental anguish and suffering, (including loss of dignity, depression, feelings of hopelessness, despair, isolation, etc.), past and future household

services, etc.

### THIRD CLAIM FOR RELIEF
(Respondeat Superior)
(All Defendants)

30.    Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

31.    Any negligent acts or omissions alleged herein, that may be attributed to Walmart's employee(s), were performed within the employee's scope of employment and the conduct was (1) the general kind of work the employee(s) were employed to do; (2) occurred substantially within working hours and within the normal work area; and (3) motivated, at least in part, by the purpose of serving Walmart's interests.

32.    As a direct and proximate cause of the allegations contained herein, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent disfigurement, past and future medical expenses, mental anguish and suffering, (including loss of dignity, depression, feelings of hopelessness, despair, isolation, etc.), past and future household services, etc.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dale Baker prays for judgment against Defendant(s) as follows:

1.    For all damages to which Plaintiff is entitled, in an amount to be ascertained at the time of trial, subject to proof, which damages include but are not limited to emotional pain, great physical injuries and pain, permanent physical impairment, permanent

disfigurement, past and future medical expenses, mental anguish and suffering (including loss of dignity, depression, feelings of hopelessness, despair, isolation, etc.), past and future household services, etc.

2. For punitive damages,

3. For pre-judgment and post-judgment interest,

4. For Court costs,

5. For such other relief as may be deemed fair and equitable under the circumstances.

DATED this 9th day of August, 2022.

CARLSON INJURY LAW, LLC

/s/ *Mark L. Carlson*
MARK L. CARLSON
Attorney for Plaintiff