THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **DALE BAKER, an individual**<br><br>**Plaintiff,**<br><br>v.<br><br>**WALMART INC., a foreign corporation; and DOES 1-10.**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:22-cv-00111-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Dale Baker's ("Mr. Baker") Rule 56(d)(1) motion to defer consideration of Defendant Walmart Inc.'s ("Walmart") motion for summary judgment.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based on the following analysis, the court denies Mr. Baker's Rule 56(d) motion.

## BACKGROUND

Mr. Baker claims that he tripped and fell on a floormat when exiting a Walmart store located in Riverdale, Utah.[3] Mr. Baker alleges that the floormat was not placed and secured

---

[1] ECF No. 8.

[2] ECF No. 33.

[3] ECF No. 2-1 at ¶¶ 9–12.

properly on the ground.[4] Mr. Baker testified that, before his fall, he did not look at the floormat.[5] Mr. Baker further testified that he "wasn't looking down, so [he] couldn't tell for sure what caused [the fall]."[6] Mr. Baker also testified that he could not personally say whether the floormat was curled or raised, or whether a curled or raised part of the floormat caused him to fall.[7] Surveillance video captured the incident.[8]

Walmart moves for summary judgment, arguing that the material facts demonstrate that Walmart's placement and maintenance of the floormats did not create a dangerous condition and, furthermore, Mr. Baker has failed to introduce evidence to satisfy the notice requirements to prevail on a negligence claim under Utah law.[9] Mr. Baker opposes the motion for summary judgment,[10] asserting that there is a genuine issue of material fact as to whether the floormat was a dangerous condition and whether Walmart knew or should have known of its dangerousness. Specifically, Mr. Baker argues that Walmart failed to preserve the subject floormat by releasing the mat to Cintas Corporation ("Cintas"), the company that provided and serviced the mats for Walmart, thereby depriving Mr. Baker of the opportunity to inspect whether the mat constituted a

---

[4] *Id.* at ¶ 11.

[5] ECF No. 20-3 at 50–52.

[6] *Id.* at 51.

[7] *Id.* at 57.

[8] ECF No. 21.

[9] ECF No. 20.

[10] ECF No. 31.

dangerous condition.[11] Mr. Baker also contests Walmart's description of the surveillance footage.[12]

In addition, Mr. Baker filed the instant Rule 56(d) motion, claiming that without the opportunity to depose Walmart's 30(b)(6) designee, Cintas's 30(b)(6) designee, and Walmart employees about the mat's condition, he cannot present essential facts to justify his opposition.[13] Mr. Baker asserts that neither the affidavits submitted by Walmart employees or photographs taken by Walmart employees establish the condition of the mat at the time Mr. Baker fell.[14] Furthermore, Mr. Baker argues that expert testimony is necessary to opine on whether the mat presented a dangerous condition and on what Walmart knew or should have known regarding the alleged dangerous condition.[15] Thus, Mr. Baker requests that the court defer its consideration of Walmart's motion for summary judgment until he can conduct the requested depositions.

## ANALYSIS

Mr. Baker's Rule 56(d) motion fails for two reasons: (I) Mr. Baker does not meet the threshold requirements to obtain relief under 56(d), and (II) he has heretofore been dilatory in obtaining the facts he claims are essential. Fed. R. Civ. P. 56(d) provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The

---

[11] *Id.* at 8.

[12] *Id.* at 3–6.

[13] ECF No. 33 at 1–2.

[14] *Id.* at 4.

[15] *Id.* at 5.

Court of Appeals for the Tenth Circuit has established a standard for such affidavits or declarations. "To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment."[16] Generally, "[s]ummary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."[17] Additionally, requests for further discovery should ordinarily be treated liberally unless the request is dilatory or meritless.[18]

However, relief under Rule 56(d) is not automatic,[19] and "[Rule 56(d)] is not a license for a fishing expedition."[20] "Although discovery is the norm prior to granting summary judgment, a party's mere hope that discovery may yield further evidence is insufficient to defeat a summary judgment motion."[21] As shown in order below, even assuming *arguendo* that Mr. Baker's affidavit meets parts (2) and (3) of the Tenth Circuit's four requirements, Mr. Baker fails to meet parts (1) and (4) of the Tenth Circuit's test to obtain Rule 56(d) relief, and, in any event, Mr. Baker has been too dilatory in conducting discovery to obtain Rule 56(d) relief now.

---

[16] *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

[17] *Id.* at 1110 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).

[18] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

[19] *Cerveny*, 855 F.3d at 1110.

[20] *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

[21] *Trans-W. Petroleum, Inc. v. United States Gypsum Co.*, 830 F.3d 1171, 1175 (10th Cir. 2016).

> **I.  Mr. Baker Does Not Satisfy the Tenth Circuit's Threshold Requirements to Obtain Relief Under Rule 56(d).**

Even if the court liberally construes Mr. Baker's affidavit as satisfying requirements (2) and (3), Mr. Baker's affidavit does not satisfy requirements (1) and (4) to obtain relief under Rule 56(d).

> A.  Mr. Baker Does Not Identify Probable Facts that Are Unavailable.

Mr. Baker has not identified probable facts that might be obtained from the requested depositions. "Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint."[22] Although a party need not definitively prove the existence of the evidence, "the party seeking relief must provide some basis for the court to believe the existence of the facts sought is probable."[23]

Here, Mr. Baker's declaration does not meet the required standard because it does not identify the probable facts Mr. Baker seeks to obtain. Mr. Baker's declaration states in relevant part, "I respectfully request that this Court not consider Defendant's motion [for summary judgment] until my attorneys have had the opportunity to take the depositions of Defendant's representatives and employees. I also understand that expert testimony is needed to resolve this dispute."[24] As to his request for expert testimony, Mr. Baker's declaration entirely fails to state

---

[22] *Wagner v. LTF Club Operations Co., Inc.*, No. 1:18-CV-00521-RBJ, 2019 WL 427733, at *4 (D. Colo. Feb. 4, 2019) (quoting *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 537 (10th Cir. 1987).

[23] *Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-CV-02298-DDC-GLR, 2017 WL 1364839, at *7 (D. Kan. Apr. 13, 2017) (internal quotation omitted).

[24] ECF No. 33 at 55.

which facts an expert is going to elucidate for purposes of deciding the pending motion for summary judgment. And as to the condition of the floormat, Mr. Baker fails to state which "representatives and employees" he wants to depose and which, if any, facts he hopes to obtain from those depositions. Thus, Mr. Baker's declaration fails to meet the Tenth Circuit's first requirement to obtain relief under Rule 56(d), which, by itself, is fatal to his Rule 56(d) motion.

    B. <u>Mr. Baker Does Not State How Additional Time Would Allow for Rebuttal of Walmart's Motion for Summary Judgment.</u>

In any event, Mr. Baker does not specify what additional evidence would rebut Walmart's arguments for summary judgment. Mr. Baker offers only a general and vague reference to the issue of whether the mat presented a dangerous condition. Although the court can infer that Mr. Baker seeks the requested depositions in hopes of raising some material fact about the mat's condition, Mr. Baker's lack of specificity is once again fatal to his Rule 56(d) motion.

**II.    Mr. Baker Has Been Dilatory in Obtaining the Facts He Claims are Essential.**

Nevertheless, even if the court liberally construes Mr. Baker's affidavit to find that he met all the Tenth Circuit's requirements for granting relief pursuant to Rule 56(d), Mr. Baker has been dilatory in obtaining the information he maintains is required to oppose Walmart's motion for summary judgment. In determining whether a party has been dilatory in pursuing discovery, courts should consider:

> (1) the length of the pendency of the case prior to the [Rule 56(d)] request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through Rule discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a

6

speedier request, discovery might be denied and his claim be dismissed; and (8) whether the requested information was inaccessible to plaintiff, *e.g.* as when within defendant's exclusive control, or whether alternative, accessible sources existed but were foregone.[25]

Applying these factors, the court must deny Mr. Baker's Rule 56(d) motion based on Mr. Baker's lack of diligence in securing deposition testimony from Walmart and Cintas's 30(b)(6) designees as well as Walmart employees.

As to the first factor, Mr. Baker filed his complaint in state court on August 9, 2022.[26] The case was removed to this court three weeks later.[27] Mr. Baker had nearly two years to request these depositions, which were obviously important to this case. Yet he did not do so until Walmart filed its motion for summary judgment and, moreover, did not file his Rule 56(d) motion until the same day that fact discovery closed.[28] These discovery deadlines matter because a court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[29]

As to the second factor, Mr. Baker acknowledges the centrality of the offending floormat's condition to this action in his opposition to Walmart's motion for summary judgment but never sought to depose Walmart's employees about the condition of the floormat before the

---

[25] *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1031 (5th Cir. 1983). *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1555 n.7 (10th Cir. 1993) (noting that "the Fifth Circuit enumerates eight factors to be considered in determining whether a party has been dilatory in seeking discovery").

[26] ECF No. 2-1 at 7.

[27] ECF No. 2.

[28] ECF No. 17.

[29] *Widhelm v. Wal–Mart Stores, Inc.*, 162 F.R.D. 591, 593 (D. Neb. 1995) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

fact discovery deadline had reached its end. And as to Cintas, Mr. Baker had ample time to request a deposition given that he was made aware of the fact that the floormat was returned to Cintas as early as June 30, 2023, when Mr. Baker received Walmart's responses to Mr. Baker's requests for production.[30] Mr. Baker clearly anticipated the import of deposing both entities long before Walmart filed its pending motion for summary judgment.

But, as to factor three, Mr. Baker inexplicably delayed pursuing depositions of Walmart, its employees, and Cintas's 30(b)(6) designees until *after* Walmart filed its motion for summary judgment on November 27, 2023.[31] It also appears that Mr. Baker did not subpoena Cintas in order to inspect the mat until *after* Walmart filed its summary judgment motion.[32] This delay contrasted against Mr. Baker's clear recognition that these depositions were important to this action militates against a finding of diligence.

As to factor four, the parties have exchanged written discovery, deposed Mr. Baker, secured photo and video evidence, as well as the claims report and witness statements from Walmart. As previously discussed, fact discovery closed the same day Mr. Baker filed the instant 56(d) motion. That Mr. Baker was deposed is important because instead of providing testimony that supported his theory of an improperly upturned floormat, Mr. Baker's testimony provided no support for such a theory. This gap in knowledge made obtaining information about the floormat from other sources more acute. But that did not happen until well after Walmart filed its motion for summary judgment and on the day that fact discovery ended.

---

[30] ECF No. 33 at 40.

[31] ECF No. 20.

[32] ECF No. 31 at 51.

Although factors five through seven appear to be inapplicable, factor eight goes to the heart of the issue. The mat was in the exclusive control of Walmart and then Cintas, but the depositions Mr. Baker now pursues to learn about floormat's the condition has always been a method of discovery available to Mr. Baker. Not pursuing these depositions until Walmart filed its motion for summary judgment demonstrates a lack of diligence that necessitates the denial of the Motion and not filing for Rule 56(d) relief until months later at the end of fact discovery underscores this lack of diligence.

In sum, Mr. Baker has not met his burden of demonstrating that this court should postpone ruling on Walmart's motion for summary judgment and permit additional discovery. Accordingly, Mr. Baker's motion[33] is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[33] ECF No. 33.