THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DALE BAKER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC., a foreign corporation; and DOES 1-10,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 1:22-cv-00111-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendant Walmart Inc.'s ("Walmart") motion for summary judgment.[2] Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based on the analysis set forth below, the court grants Walmart's motion for summary judgment and dismisses this action with prejudice.

---

[1] ECF No. 8.

[2] ECF No. 20.

**UNDISPUTED MATERIAL FACTS**

1. On January 25, 2022, Plaintiff Dale Baker ("Mr. Baker") tripped and fell on a floormat when exiting a Walmart store located in Riverdale, Utah.[3]

2. Mr. Baker did not look at the floormat before the fall.[4]

3. Mr. Baker "wasn't looking down, so [he] couldn't tell for sure what caused [the fall]."[5]

4. Mr. Baker could not say whether the floormat was curled or raised or whether a curled or raised part of the floormat caused him to fall.[6]

5. Although surveillance video captured Mr. Baker's contact with the floormat and his fall, the video is not high resolution, which prohibits a clear view of the corners of the mat prior to Mr. Baker's fall.[7]

6. After Mr. Baker fell, Walmart employee Jeremy Herndon was called to the scene of the incident and observed that the floormats where Mr. Baker fell were not raised, curled, or flipped up.[8]

7. Walmart assistant manager Rachel Cunahan was also called to the scene and, shortly after the incident, took photographs showing the floormats where Mr. Baker fell were not raised, curled, or flipped up.[9]

---

[3] ECF No. 2-1 at ¶¶ 9–12.

[4] ECF No. 20-3 at 50:7–51:1.

[5] *Id.* at 51:10–12.

[6] *Id.* at 51:13–52:8; 57:14–18.

[7] ECF No. 21.

[8] ECF No. 20-5 at 3.

[9] ECF No. 20-6 at 2–5; ECF No. 20-7 at 1–3.

## LEGAL STANDARD

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A genuine issue of fact exists only where 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[10] "Thus, the relevant inquiry is 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"[11]

In evaluating a motion for summary judgment, the court "view[s] the facts in the light most favorable to the nonmovant and draw[s] all reasonable inferences in the nonmovant's favor."[12] "'The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.'"[13] If the movant does not bear the burden of proof at trial as to the claims for which it seeks summary judgment, then the movant "may make its prima facie demonstration by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim."[14]

---

[10] *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[11] *Id.* (quoting *Anderson*, 477 U.S. at 251-52).

[12] *Jones v. Norton*, 809 F.3d 564, 573 (10th Cir. 2015).

[13] *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016) (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007)).

[14] *Libertarian Party of N.M.*, 506 F.3d at 1309 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *see also Savant Homes, Inc.*, 809 F.3d at 1137.

"If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant."[15] To satisfy his burden, "the nonmovant must identify facts 'by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein.'"[16] "These facts must establish, at a minimum, an inference of the presence of each element essential to the case."[17] Entry of summary judgment is required,

> after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.[18]

## ANALYSIS

### I. Mr. Baker Fails to Carry His Burden of Production to Survive Summary Judgment.

Mr. Baker fails to carry his burden of production to survive summary judgment because he has not provided any evidence that a dangerous condition existed. Although Mr. Baker asserts that Walmart created a dangerous condition by placing a floormat that was in disrepair near the

---

[15] *Libertarian Party of N.M.*, 506 F.3d at 1309.

[16] *Savant Homes, Inc.*, 809 F.3d at 1137 (quoting *Libertarian Party of N.M.*, 506 F.3d at 1309).

[17] *Id.* at 1137-38 (quotations and citations omitted).

[18] *Celotex Corp.*, 477 U.S. at 322-23 (quotations omitted).

store's exit that caused Mr. Baker to trip and fall,[19] Mr. Baker has not supplied any evidence supporting these contentions. Therefore, Walmart is entitled to judgment as a matter of law.

Where, as here, federal subject-matter jurisdiction is based on the parties' diversity of citizenship,[20] "the availability of summary judgment [is considered] against the backdrop of the forum state's substantive law,"[21] which means that Utah law applies to Mr. Baker's claim. Under Utah law, "[t]he owner of a business is not a guarantor that his business invitees will not slip and fall. He is charged with the duty to use reasonable care to maintain the floor of his establishment in a reasonably safe condition for his patrons."[22] In Utah, slip and fall cases fall into two categories: (1) those involving an unsafe condition that is temporary; and (2) those involving an unsafe condition that is permanent.[23] Regarding a temporary unsafe condition—which Mr. Baker alleges here—fault cannot be imputed to the defendant unless: "(1) the defendant had knowledge of the condition, that is, either actual knowledge or constructive knowledge because the condition had existed long enough that he should have discovered it; and (2) 'after [obtaining] such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it."[24] Thus, to prevail on his claims, Mr. Baker must first demonstrate that the floormat created a dangerous condition.

---

[19] ECF No. 31 at 11.

[20] ECF No. 2.

[21] *Evanston Ins. Co. v. Law Office of Michael P. Medved, P.C.*, 890 F.3d 1195, 1198 (10th Cir. 2018).

[22] *Preston v. Lamb*, 436 P.2d 1021, 1023 (Utah 1968).

[23] *Schnuphase v. Storehouse Markets*, 918 P.2d 476, 478 (Utah 1996).

[24] *Jex v. JRA, Inc.*, 196 P.3d 576, 580 (Utah 2008).

Mr. Baker fails to present evidence to meet his burden as to the first element. Mr. Baker's own testimony cannot support a claim that the floormat presented a dangerous condition for any period of time because Mr. Baker testified that he did not look at the mat before or during the fall.[25] In fact, Mr. Baker could not say whether the mat was curled or raised or whether a curled or raised part of the floormat caused him to fall.[26] Therefore, neither he nor anyone else presents evidence based on his/her perception that the floormat was in poor condition and that such poor condition caused Mr. Baker's fall. Conversely, Walmart has presented eyewitness testimony and photographs taken near the time of the fall indicating that the floormat was lying flat on the ground.[27] Thus, Mr. Baker cannot present any contemporaneous witness testimony supporting his contention that the floormat was in poor condition at the time of Mr. Baker's fall.

Given the lack of witness testimony, Mr. Baker relies on the surveillance video, which he contends shows that the front and side edges of the floormat were curled or raised up, which caused Mr. Baker to fall.[28] But the poor resolution and wide coverage area of the video precludes a definitive answer as to whether the floormat's corner was curled or raised up, and the footage does not show the mat's underside until after Mr. Baker comes into contact with the floormat. This video does not create a disputed fact as to the floormat's condition.

Nevertheless, given that clear footage of a floormat problem is unavailable, Mr. Baker argues that the court can reasonably infer that the floormat was in poor condition because the

---

[25] ECF No. 20-3 at 50:7–51:1.
[26] Id. at 51:13–52:8; 57:14–18.
[27] ECF No. 20-5 at 3; ECF No. 20-6 at 2–5; ECF No. 20-7 at 1–3.
[28] ECF No. 31 at 3, citing to ECF No. 21 at 59:52 and ECF No. 31 at 23–26.

video shows Walmart employees straightening the floormat on several occasions.[29] However, this conclusion is pure conjecture because the video does not show that the floormat was in such condition, and straightening a floormat after it has been trampled by numerous customers throughout the day does not raise an inference of poor condition given that floormats in good condition can become crooked after several people walk and push carts laden with goods on them. Indeed, Mr. Baker's contention as to why the floormats at the Walmart entrance and exit needed straightening are "bare contentions, unsupported by any specification of facts in support thereof" and thus "raise no material questions of fact as will preclude entry of summary judgment."[30] Therefore, the video cannot create a disputed issue of material fact as to the floormat's condition, and where, as here, a plaintiff fails to meet the minimum requirements to sustain his cause of action, summary judgment in favor of the defendant is appropriate.[31] Accordingly, the court GRANTS Walmart's motion for summary judgment.[32]

IT IS SO ORDERED.

DATED this 22nd day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[29] ECF No. 21 at 16:59, 38:45, 1:52:15.

[30] *Schnuphase*, 918 P.2d at 477-78.

[31] *Id.* at 478.

[32] ECF No. 20.